IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) Case No. 10 C 1776<br>) |
| v. | ) Judge Virginia M. Kendall<br>) |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Shiney Haridas ("Haridas") sued the Board of Education of the City of Chicago ("the Board") in state court alleging she fell on a broken sidewalk at a Chicago high school while attending a recital presented by the Natraj Dance Academy ("the Academy"). The Hartford Casualty Insurance Company ("Hartford") sued the Board here seeking a declaration that it owes no duty to defend or indemnify the Board under a policy Hartford issued to the Academy. Hartford has now moved for summary judgment, asserting that the Board is not an additional insured under the Academy's policy and, in any event, the Board gave Hartford notice of the suit too late. The parties agree on the facts. For the following reasons, the Court grants Hartford's motion.

**I. UNDISPUTED FACTS**

On April 9, 2008, Haridas sued the Board in the Circuit Court of Cook County, alleging that she tripped and fell on the sidewalk between the parking lot and the auditorium at Lane Technical High School ("Lane Tech") while attending her daughter's recital on May 20, 2007. (Doc. 28, 56.1 Resp. ¶¶ 1-2, 4, 9.) Haridas' complaint did not name the Academy as a defendant. (*See* Doc. 25-1; 56.1 Resp. ¶ 1.) The Academy had permission from the Board to use Lane Tech's auditorium that

day to put on the recital. (*Id.* ¶ 3.) Haridas' complaint alleges that as a result of the Board's negligence, she suffered broken bones and pain and suffering. (*Id.* ¶¶ 5-6.) The Board was served with the Haridas complaint on April 24, 2008, and filed its appearance a few weeks later. (*Id.* ¶¶ 10-11.) Hartford, however, did not receive notice of the suit until nearly 16 months later, on August 11, 2009. (*Id.* ¶ 12.) The suit has since settled and was dismissed by stipulation of the parties. (*Id.* ¶ 13.)

The Board sought coverage for the Haridas suit as an under a policy Hartford issued to the Academy. (*Id.* ¶ 8.) Two parts of that policy are at issue here: the "additional issured" provision and the notice to the insurer provision. The former provision provides that certain types of organizations are additional insureds when

> [the Academy has] agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provide the injury or damage occurs subsequent to the execution of the contract or agreement, or the issuance of the permit.

(*Id.* ¶ 14.) The Board asserts it falls into one or more of the following three categories of organizations that qualify as additional insureds:

> **c. Lessors Of Land Or Premises**
> (1) Any person or organization from whom you lease land or premises, but only with respect to liability arising out of the ownership, maintenance or use of that part of the land or premises leased to you.
>
> \* \* \*
>
> **e. Permits Issued By State Or Political Subdivisions**
> (1) Any state or political subdivision, but only with respect to operations performed by you or on your behalf for which the state or political subdivision has issued a permit.

<blockquote>

* * *

**f. Any Other Party**
(1) Any other person or organization who is not an insured under [the other paragraphs], but only with respect to liability for 'bodily injury,' 'property damage' or 'personal and advertising injury' caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf: (a) In the performance of your ongoing operations; (b) In connection with your premises owned by or rented to you . . .
</blockquote>

(*Id.* ¶ 14.) The notice provision of the policy states:

<blockquote>

**2. Duties In the Event Of Occurrence, Offense, Claim Or Suit**

**(a) Notice Of Occurrence Or Offense**
You or any additional insured must see to it that we are notified as soon as practicable of an 'occurrence' or and offence which may result in a claim . . . .

**(b) Notice of Claim**
If a claim is made or 'suit' is brought against any insured, you or any additional insured must: (1) Immediately record the specifics of the claim or 'suit' and the date received; and (2) Notify us as soon as practicable.

You or any additional insured must see to it that we receive a written notice of the claim or 'suit' as soon as practicable.

* * *

**(f) Knowledge Of An Occurrence, Offense, Claim or Suit**
Paragraphs (a) and (b) apply to you or to any additional insured only when such 'occurrence,' offense, claim or 'suit' is known to: . . . (6) Any elected or appointed official, if you or an additional insured is a political subdivision or public entity.
</blockquote>

(*Id.* ¶ 15.)

## II. STANDARD OF REVIEW AND CHOICE OF LAW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

The parties agree the Court should apply Illinois law. *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies."). Specifically, the Court will "apply the law that [it] believe[s] the Supreme Court of Illinois would apply if the case were before that tribunal rather than before this court." *Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001).

## III. DISCUSSION

Under Illinois law, "[t]he construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment." *Crum & Forster Mgrs. Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1079 (Ill. 1998). "If the terms of [an insurance] policy are clear and unambiguous, they must be given their plain and ordinary meaning." *Krusinski Const. Co. v.*

*Northbrook Property & Cas. Ins. Co.*, 760 N.E.2d 530, 537 (Ill. App. Ct. 2001) (citing *Am. States Ins. Co. v. Koloms*, 687 N.E.2d 72, 75 (Ill. 1997)). Here, the parties only dispute two narrow issues: (1) whether the Board is an additional insured under the Academy's policy, and (2) whether the Board gave timely notice of the *Haridas* suit to Hartford.

The Board asserts that it is an additional insured under the Academy's policy as either a lessor of premises (subsection C), a political subdivision issuing a permit (subsection E), or "any other party" (subsection F). However, the Board may only be an additional insured, under any subsection, if the Academy has "agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on [the Academy's] policy, provided the injury . . . occurs subsequent to the execution of the contract or agreement, or the issuance of the permit." (Doc. 25-2 at 24.) In short, as a threshold matter, the Board and the Academy must have agreed, before Haridas' fall, that the Board would be added to the Academy's insurance.

As Hartford points out, the Board does not provide any agreement that explicitly requires the Board to be considered an additional insured under the Academy's policy. The Board contends the permit application qualifies as such an agreement because it required the Academy to provide a copy of its insurance and "to indemnify the said Board . . . for all expenses to which it may be subjected by reason of the use of said school property." (Doc. 25-3.) First, as the Board concedes, an agreement to provide a copy of its insurance policy as a condition of renting the auditorium is not the same as an agreement to add the Board to the policy as an additional insured. Second, Illinois law draws a sharp distinction between a promise to indemnify a party and a promise to name a party as an additional insured. *See Estate of Willis v. Kiferbaum Const. Corp.*, 830 N.E.2d 636, 644 (Ill.

App. Ct. 2005) (citing *W.E. O'Neil Const. Co. v. Gen. Cas. Co.*, 748 N.E.2d 667, 672 (Ill. App. Ct. 2001) and finding "[t]his court regards a promise to obtain insurance as wholly different from a promise to indemnify . . .[a] promise in a subcontract to name a third party as an additional insured is not inextricably tied to that party's promise to indemnify the party with whom it enters into the overarching agreement."); *Zettel v. Paschen Contractors, Inc.*, 427 N.E.2d 189, 191 (Ill. App. Ct. 1980) (noting "a promise to obtain insurance is not the same as a promise to indemnify" and collecting cases). Under Illinois law, the Academy's promise to indemnify the Board in the permit application does not create an agreement, under the policy, to name the Board as an additional insured. Consequently, the Board cannot qualify as an additional insured under the Hartford policy, and Hartford is entitled to summary judgment. The Court does not reach the issue of whether the Board's notice was timely.

## IV. CONCLUSION

For the foregoing reasons, Hartford's motion for summary judgment (Doc. 23) is granted and Hartford has no duty to defend or indemnify the Board in connection with the suit captioned *Haridas v. Chicago Board of Education*, previously pending in the Circuit Court of Cook County as case number 08 L 3890.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 26, 2011